IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Dale Allen,                         :

    Petitioner,                       :

v.                                       :   Case No. 2:14-cv-440

                                         :   JUDGE EDMUND A. SARGUS, JR.
Warden, Hocking Correctional                 Magistrate Judge Kemp
Facility,                                :

    Respondent.                       :

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed.

**I.  PROCEDURAL HISTORY**

The petition does not contain a recitation of the underlying facts or procedural history.  The following procedural history is taken from the Ohio Court of Appeals' opinion affirming the trial court's denial of petitioner's motion for relief under Ohio Civ.R. 60(B).

> On October 7, 2011, appellant was convicted of having a weapon while under disability (R.C. 2923.13(A)(3)) and obstructing official business (R.C. 2921.31(A)) following jury trial in the Muskingum County Common Pleas Court.  He was sentenced on October 17, 2011, to three years of

incarceration for having a weapon under disability and one year of incarceration for obstructing official business, to be served consecutively.

Appellant filed a direct appeal of the judgment of conviction and sentence to this Court.  He voluntarily dismissed this appeal.
On January 4, 2013, appellant filed a motion for relief from judgment pursuant to Civ.R.60(B)(2), (3), and (5).  The trial court summarily overruled the motion on January 10, 2013.  Appellant appeals to this Court, assigning five errors:

> I.  DEFECTIVE INDICTMENT AND INSUFFICIENT EVIDENCE.
>
> II.  NO MIRANDA WARNING WAS GIVEN TO MR. ALLEN
>
> III. CONFLICT OF INTEREST.
>
> IV.  ILLEGAL SEARCH AND SEIZURE.
>
> V.  SPEEDY TRIAL VIOLATION .

Although appellant assigns five errors to the underlying judgment of conviction and sentence, the only issue properly before this Court is whether the trial court erred in overruling his motion for relief from judgment.

Appellant filed his motion to vacate pursuant to Civ.R.60(B), which allows relief from judgment based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment.  Crim.R. 57(B) perits a trial court in a criminal case tollok to the Rules of Civil Procedure where no applicable Rule of Criminal Procedure exists.  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶10 .  A motion for relief from judgment may be treated as a petition for postconviction relief even when the motion has been unambiguously presented as a Civ.R. 60(B) motion.  *Id*. at syllabus.

Appellant's motion for relief from judgment argued that his conviction was void because the indictment was defective and not supported by sufficient evidence, he was given *Miranda* warnings, the judge who signed the search warrant and the judge who tried the case had conflicts of interest, the search and seizure was illegal, and his speedy trial rights were violated.  All of these issues could have been raised in a petition for

> postconviction relief pursuant to R.C. 2953.21(A)(1) and Crim. R. 35, because appellant's petition was (1) filed subsequent to his direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. *See Schlee, supra*, at ¶ 12. Therefore, the motion was improperly filed as a Civ. R. 60(B) motion in a criminal case because a remedy was available through R.C. 2953.21(A)(1) and Crim. R. 35.
>
> Because the trial court summarily overruled appellant's petition, it is not clear if the trial court overruled the motion because it was improperly filed as a Civ. R. 60(B) motion rather than a petition for postconviction relief, or whether the trial court treated the motion as a petition for postconviction relief and dismissed it on the merits. Assuming arguendo that the trial court treated the motion as a petition for postconviction relief, the trial court did not err in dismissing the petition. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180-181, 226 N.E.2d 104 (1967). All of the issues raised by appellant could have been raised on direct appeal to this Court, and are therefore barred by res judicata.

*State v. Allen*, 2013 WL 1402209 (Ohio App. 5 Dist. March 25, 2013).

## II. GROUNDS FOR RELIEF

Petitioner has not submitted his petition on the standard form pleading for state prisoners seeking federal habeas relief. His type-written petition contains seven short paragraphs and states, in relevant part, as follows:

> The Ohio Supreme Court dismissed Petitioner's state habeas corpus; however, said dismissal was the result of a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Ohio Supreme Court's dismissal is the last page of Exhibit A.
>
> Petitioner respectfully submits that the Constitutional violations by

-3-

the State proceedings are due process of law, equal protection under the law, no Miranda warning given, illegal search and seizure, speedy trial violation, defective indictment, insufficient evidence and that no crime was committed by Petitioner.

In order to save this Court's valuable time by eliminating superfluous material in the standard 2254 petition, everything about Petitioner's case is explained in his Ohio Supreme Court *habeas corpus* petition which is attached hereto and made a part hereof as Exhibit A.

Petitioner believes this court can easily see and determine the Constitutional, and other, violations by diligently perusing Exhibit A.

### III. ANALYSIS

In light of the procedural history relating to petitioner's claims as described by the state appellate court, the doctrine of procedural default prevents this Court from hearing those claims. The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. Procedural default can be a fairly complicated doctrine, involving a number of court-made rules and exceptions, but the basic premise is simple and is reflected in the language Congress has used in 28 U.S.C. §2254.

Under §2254, a federal court may grant relief to a state prisoner only if that person is being held in custody in violation of the Constitution or law of the United States - that is, that the prisoner's conviction or sentence was unlawful under federal law. In order for a federal court to decide any claims on their merits, "the state prisoner

must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). That is so because §2254(b) states that an application for a writ of habeas corpus filed by someone in petitioner's position "shall not be granted" unless "the applicant has exhausted remedies available in the courts of the State...."

One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to [petitioner's] failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case - that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the Petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*.

Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the Petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Here, petitioner did not present the merits of his claims on direct appeal. Rather, as noted by the state appellate court, petitioner voluntarily dismissed his direct appeal of his conviction and sentence. Ohio law provides that an issue not raised on direct appeal is barred by the doctrine of *res judicata*. That has been the law in Ohio for some time. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). In fact, as set forth above, the state appellate court expressly enforced the procedural rule in petitioner's case - at least with respect to the claims for which petitioner sought Rule 60(B) relief. Petitioner's filing of a petition for a writ of habeas corpus with the Ohio Supreme Court does not change the fact of his procedural default. His claims are, as the state court indicated, all claims that had to be raised on direct appeal, and a state habeas petition is not a substitute for a direct appeal. *In re Coleman*, 95 Ohio St.3d 284 (2002). This Court has consistently determined that Ohio's *res judicata* rules serve important state interests in the finality of criminal

convictions.  *See*, *e.g. Wiley v. Banks*, 2013 WL 1663962 (S.D. Ohio Apr. 17, 2013), *adopted and affirmed* 2013 WL 3350668 (S.D. Ohio July 3, 2013).

Turning to the final part of the *Maupin* test, in a supplement to the habeas corpus petition filed by petitioner on September 3, 2014, petitioner asserts the ineffective assistance of his trial counsel as cause for his procedural default.  He claims both that his trial attorney failed to tell him he had 180 days to file a post-conviction petition and that counsel advised him to dismiss his appeal because he would be granted judicial release.  As a result, he claims to have been deprived of his first appeal as of right.

This particular ineffective assistance of trial counsel claim does not appear to have been presented properly to the state courts.  Consequently, it cannot serve to excuse procedural default of his substantive claims.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (In order to excuse a procedural default, a claim of ineffective assistance of counsel must itself have been preserved for federal habeas review). Further, Petitioner's explanation that his procedural default was a result of his trial counsel's providing misinformation regarding the appeal or post-conviction process does not require a different result.  Petitioner states that he filed his own appeal because he was unable to afford counsel.  Since the attorney who allegedly advised him to withdraw his appeal was not, at that time, representing him, he has no Sixth Amendment claim concerning that attorney's advice.  *See Lombardo v. United States*, 222 F.Supp.2d 1367, 1386 n.8 (S.D. Fla. 2002), *aff'd* 67 Fed.Appx. 589 (11th Cir. May 6, 2003).

Finally, to the extent that petitioner asserts in his petition that "no crime was

committed by Petitioner," the Court does not construe this conclusory assertion as sufficient support for a finding that petitioner is actually innocent of the crime for which he was convicted following a jury trial. His apparent reliance on Ohio Evid. R. 609(B) is simply misplaced; that rule bars introduction of a felony conviction more than ten years old to impeach a witness's credibility, buts says nothing about the use of such a conviction in a prosecution for possessing a weapon under a disability.

To the extent that petitioner suggests in his petition claims for due process and equal protection, claims which may not have been the subject of the state appellate court decision, the doctrine of procedural default applies to bar them as well. With respect to these claims, the state appellate court was not given the opportunity to enforce the doctrine of *res judicata* because of the nature of petitioner's procedural default, *i.e.*, the failure to raise them at all. Further, petitioner also has failed to establish cause and prejudice to excuse his procedural default or demonstrate his actual innocence with respect to these claims.

## IV. RECOMMENDED DISPOSITION

For the reasons set forth above, the Court recommends that the petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be **DISMISSED** as procedurally defaulted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge